UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MICHAEL E DELLOSTRITTO, Judge,<br><br>　　　　　Respondent. | No. 1:19-cv-01772-DAD-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION<br><br>(Doc. No. 7) |

　　　　Petitioner Billy Driver, Jr. is a state prisoner proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

　　　　On December 23, 2019, the assigned magistrate judge issued findings and recommendation recommending that the pending petition be dismissed. (Doc. No. 7.) The findings and recommendation were served upon all parties and contained notice that any objections thereto were to be filed within thirty (30) days from the date of service of that order. (*Id.* at 3.) On January 16, 2020, petitioner filed objections to the findings and recommendation. (Doc. No. 8.)

　　　　In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a de novo review of the case. Having carefully reviewed the entire file, including petitioner's

/////

1 objections, the court concludes that the findings and recommendation are supported by the record
2 and proper analysis.

3 In his objections, petitioner argues that the magistrate judge is unlawfully attempting to
4 convert his habeas petition into a civil rights complaint. He argues he is seeking his immediate
5 release from prison and should be allowed to pursue federal habeas relief. The arguments
6 presented in the pending objections are unavailing. While it is true petitioner requests his
7 immediate release from imprisonment, his claims do not sound in habeas corpus. As noted by the
8 magistrate judge, petitioner argues he is in imminent danger of physical harm at his institution of
9 confinement. He also complains that prison authorities are obstructing him by not allowing him
10 to exhaust his 602 inmate appeals. Petitioner asserts violations of the ADA due to unlawful
11 forced medications, inmate attacks, guard brutalities, and unlawful detentions. In addition to
12 immediate release, he is seeking damages in the amount of 27.9 billion dollars. Thus, the
13 magistrate judge correctly concluded that the pending petition presents claims challenging the
14 conditions of petitioner's confinement and fails to present a cognizable claim for federal habeas
15 relief.

16 Finally, the court declines to issue a certificate of appealability. A petitioner seeking writ
17 of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances.
18 *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Rule 11 of the Rules
19 Governing Section 2254 Cases requires that a district court issue or deny a certificate of
20 appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-
21 1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability
22 will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional
23 right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of
24 reason could disagree with the district court's resolution of his constitutional claims or that jurists
25 could conclude the issues presented are adequate to deserve encouragement to proceed further."
26 *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
27 /////
28 /////

In the present case, the court finds that reasonable jurists would not find the court's rejection of petitioner's claims to be debatable or conclude that the petition should proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendation filed December 23, 2019 (Doc. No. 7) are adopted in full;
2. The petition for writ of habeas corpus is dismissed;
3. Petitioner's motion for ruling (Doc. No. 13) is terminated as having been rendered moot by this order;
4. The Clerk of the Court is directed to enter judgment and close the file; and
5. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **June 25, 2020**

UNITED STATES DISTRICT JUDGE